IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MONTA WIMBERLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:20-cv-773-SMD |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION & ORDER

Plaintiff Monta Wimberly ("Wimberly") applied for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") on August 13, 2018, alleging disability beginning October 19, 2017. Tr. 136-37, 213-20. Wimberly's application was denied at the initial administrative level. Tr. 138, 139. She then requested and received a hearing before an Administrative Law Judge ("ALJ") who found that Wimberly was not disabled. Tr. 12-26, 31, 154-55. Wimberly appealed to the Social Security Appeals Council ("Appeals Council"), which denied review. Tr. 1, 204-05. Therefore, the ALJ's opinion became the final decision of the Commissioner of the Social Security Administration ("Commissioner"). *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Wimberly appeals the Commissioner's decision under 42 U.S.C. § 405(g). For

---

[1] Kilolo Kijakazi, the acting Commissioner of the Social Security Administration, is substituted for Andrew Saul as Defendant in his official capacity in this action. *See* FED. R. CIV. P. 25(d)(1).

the reasons that follow, the undersigned AFFIRMS the Commissioner's decision.[2]

## I.   STATUTORY FRAMEWORK

The Social Security Act establishes the framework for determining who is eligible to receive Social Security benefits. *Martin v. Sullivan*, 894 F.2d 1520, 1530 (11th Cir. 1990). In making a benefits determination, an ALJ employs a five-step process:

(1) Is the person presently unemployed?
(2) Is the person's impairment severe?
(3) Does the person's impairment meet or medically equal one of the specific impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1?
(4) Is the person unable to perform his or her former occupation?
(5) Is the person unable to perform any other work within the economy?

20 C.F.R. § 404.1520(a); 20 C.F.R § 416.920(a)(4). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of not disabled." *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3] A claimant bears the burden of proof through step four. *See Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996). The burden shifts to the Commissioner at step five. *Id.*

To perform the fourth and fifth steps, the ALJ must first determine the claimant's Residual Functional Capacity ("RFC"). *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th

---

[2] Under 28 U.S.C. § 636(c), the parties have consented to the undersigned Chief United States Magistrate Judge conducting all proceedings and entering final judgment in this appeal. Pl.'s Consent (Doc. 9); Def.'s Consent (Doc. 10).

[3] *McDaniel* is an SSI case. SSI cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g.*, *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 875 n.* (11th Cir. 2012) (per curiam) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

2

Cir. 2004). A claimant's RFC is what the claimant can still do—despite her impairments—based on the relevant evidence within the record. *Id.* The RFC may contain both exertional and non-exertional limitations. *Id.* at 1242-43. Considering the claimant's RFC, the ALJ determines, at step four, whether the claimant can return to past relevant work. *Id.* at 1238. If a claimant cannot return to past work, the ALJ considers, at step five, the claimant's RFC, age, education, and work experience to determine if there are a significant number of jobs available in the national economy she can perform. *Id.* at 1239. To determine if a claimant can adjust to other work, the ALJ may rely on (1) the Medical Vocational Guidelines ("Grids")[4] or (2) the testimony of a vocational expert ("VE").[5] *Id.* at 1239-40.

## II.   STANDARD OF REVIEW

A federal court's review of the Commissioner's decision is limited. A court will affirm the Commissioner's decision if the factual findings are supported by substantial evidence and the ALJ applied the correct legal standards. *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)). A court may reverse the Commissioner's final decision when it is not supported by substantial evidence, or the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215,

---

[4] The Grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. *See* 20 C.F.R. pt. 404 subpt. P, app. 2. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

[5] A vocational expert is an "expert on the kinds of jobs an individual can perform based on his or her capacity and impairments." *Phillips*, 357 F.3d at 1240.

1218 (11th Cir. 1991). A court is required to give deference to factual findings, with close

scrutiny to questions of law. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).

For purposes of judicial review, "[s]ubstantial evidence is more than a scintilla, but

less than a preponderance. It is such relevant evidence as a reasonable person would accept

as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Despite the limited nature of review, a court must scrutinize the record in its entirety and

take account of evidence that detracts from the evidence relied on by the ALJ. *Walker v.

Bowen*, 826 F.2d 996, 999 (11th Cir. 1987); *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th

Cir. 1986). However, a court may not decide the facts anew or substitute its judgment for

that of the Commissioner. *Cornelius*, 936 F.2d at 1145.

## III.   ADMINISTRATIVE PROCEEDINGS

Wimberly was 44 years old on her application date. Tr. 104. She has a high school

education and previously worked as a Certified Nurses' Assistant ("CNA") and a Mental

Health Technician. Tr. 251. Wimberly alleged disability due to mental conditions,

glaucoma, hypertension, back and knee problems, high cholesterol, depression, and

anxiety. Tr. 2650.

In the administrative proceedings, the ALJ made the following findings with respect

to the five-step evaluation process for Wimberly's disability determination. At step one,

the ALJ found Wimberly had not engaged in substantial gainful activity since her alleged

onset date of October 19, 2017. Tr. 17. At step two, the ALJ found Wimberly suffers from

the following severe impairments: lumbago, obesity, osteoarthritis of the knees, status post

4

right total knee replacement, hypertension, generalized anxiety disorder ("GAD"), major depressive disorder ("MDD"), and obsessive compulsive disorder ("OCD"). Tr. 17. At step three, the ALJ found Wimberly does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 18.

The ALJ then determined Wimberly's RFC, finding she has the capacity to perform sedentary work with additional postural and environmental limitations. Tr. 20-21. Of relevance here, the ALJ limited Wimberly "to unskilled work that involves simple work decisions." Tr. 20-21. At step four, the ALJ found Wimberly unable to perform any past relevant work. Tr. 24. At step five, the ALJ considered Wimberly's age, education, work experience, and RFC and found that jobs exist in significant numbers in the national economy that Wimberly can perform. Tr. 25. Accordingly, the ALJ found Wimberly was not disabled from October 19, 2017, through the decision date. Tr. 26.

## IV.    WIMBERLY'S ARGUMENT

Wimberly argues that the ALJ's RFC determination is not supported by substantial evidence because it is inconsistent with Dr. Duke's opinion, which the ALJ found persuasive. Pl.'s Br. (Doc. 16) pp. 10-15. As explained below, the undersigned finds that the ALJ did not commit reversible legal error.

## V.    ANALYSIS

Wimberly argues that the ALJ erred because he failed to include—or failed to adequately explain why he did not include—a limitation in Wimberly's RFC that Dr. Duke

imposed in his medical opinion, which the ALJ found persuasive. Pl.'s Br. (Doc. 16) pp. 12-13; Pl.'s Reply (Doc. 24) pp. 3-4. Specifically, Wimberly contends that the ALJ failed to include Dr. Duke's limitation that she could carry out only very short, simple *instructions*. Pl.'s Br. (Doc. 16) pp. 12-13; Pl.'s Reply (Doc. 24) pp. 3-4. Instead, the ALJ limited Wimberly "to unskilled work that involves simple work *decisions*." Tr. 21 (emphasis added). Wimberly contends that the ALJ's limitation does not sufficiently account for Dr. Duke's limitation and that the ALJ failed to adequately explain why he did not include Dr. Duke's limitation in Wimberly's RFC.[6]

Determining a claimant's RFC is an issue reserved for the Commissioner. *Pate v. Comm'r of Soc. Sec.*, 678 F. App'x 833, 834 (11th Cir. 2017) (citing 20 C.F.R. § 404.1527(d)(2)). When making an RFC determination, an ALJ must consider the claimant's medical condition as a whole and must provide a sufficient rationale to link the evidence to his RFC determination so that a court may conduct a meaningful review of his findings. *See* 20 C.F.R. §§ 404.1545(a)(3); 416.945(a)(3); *Russ v. Barnhart*, 363 F. Supp.

---

[6] In her brief opposing the Commissioner's decision, Wimberly also argues that the ALJ failed to include Dr. Duke's limitation that she can maintain attention and concentration for no more than two-hour intervals. Pl.'s Br. (Doc. 16) pp. 13-15. In opposition, the Commissioner contends that Wimberly misconstrues Dr. Duke's limitation as "limiting her [ability to concentrate and maintain attention] to no more than two hours at a time" when Dr. Duke actually opined that Wimberly could maintain attention and concentration for *at least* two hours. Comm'r Resp. (Doc. 17) p. 9. The Commissioner argues that because regular sedentary work contemplates that an individual be given breaks every two hours, *see* SSR 96-9p, 1996 WL 374185, at *6 (July 2, 1996), the ALJ's RFC determination is consistent with Dr. Duke's opinion despite not explicitly limiting Wimberly to two-hour intervals of concentrating and maintaining attention. Comm'r Resp. (Doc. 17) p. 9. In her reply, Wimberly does not counter the Commissioner's argument, *see* Pl.'s Reply (Doc. 24) pp. 3-4, and the undersigned agrees with the Commissioner that the ALJ was not required to include this limitation in an RFC that restricted Wimberly to sedentary work. Thus, the undersigned finds that the ALJ did not commit reversible error by failing to explicitly restrict Wimberly to maintaining attention and concentrating for no more than two-hour intervals.

2d 1345, 1347 (M.D. Fla. 2005) (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). While an ALJ is required to consider medical opinions and prior administrative medical findings in the record, he is not required to mirror the findings or opinions of any particular medical source. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005); *Freyhagen v. Comm'r of Soc. Sec.*, 2019 WL 4686800, at *8 (M.D. Fla. Sept. 26, 2019). Indeed, even if an ALJ finds a medical opinion persuasive, he is not required to adopt the opinion wholesale or incorporate every conclusion contained within. *See* 20 C.F.R. § § 404.1513a(b)(1); 4044.1520c(a)-(b); 416.913a(b)(1); 416.920c(a)-(b).[7]

Here, Dr. Duke, who is a state agency consultant, opined that Wimberly should be limited to very short, simple instructions. Tr. 24. Although the ALJ found Dr. Duke's opinion persuasive, he did not include this limitation in Wimberly's RFC. Tr. 24. But, as explained above, the ALJ was not required to adopt all of Dr. Duke's limitations in his RFC finding. *See Shipes v. Kijakazi*, 2022 WL 4116984, at *4 (M.D. Ala. Sept. 9, 2022) ("[J]ust because an ALJ finds an opinion persuasive does not mean he must incorporate every conclusion of that opinion into the RFC determination."); *Misla v. Comm'r of Soc.*

---

[7] *See also Freyhagen v. Comm'r of Soc. Sec. Admin.*, 2019 WL 4686800, at *8 (M.D. Fla. Sept. 26, 2019) ("[T]he ALJ's RFC assessment did not need to match or mirror the findings or opinions of any particular medical source . . . because the responsibility of assessing the RFC rests with the ALJ."); *Tolbert v. Kijakazi*, 2022 WL 4591646, at *2 (M.D. Ala. Sept. 29, 2022) ("There is no requirement that an ALJ include every limitation from a medical opinion verbatim in an RFC determination or specifically address every aspect of an opinion or every piece of evidence in the record."); *Powell v. Kijakazi*, 2022 WL 4000719, at *5 (S.D. Ga. Aug. 9, 2022), *report and recommendation adopted*, 2022 WL 3970838 (S.D. Ga. Aug. 31, 2022) ("[F]inding a medical opinion persuasive does not require the ALJ to fully incorporate that opinion into the RFC.").

*Sec.*, 2021 WL 2417084, at *2 (M.D. Fla. June 14, 2021) ("[A]n ALJ need not adopt every part of an opinion that the ALJ finds persuasive.").

The ALJ was required, however, to consider the evidence as a whole and to show how that evidence led to his RFC determination. And he did. The ALJ clearly indicated that he considered the overall "medical evidence and [Wimberly's] admitted activities and abilities" in reaching his RFC determination. Tr. 24. Specifically, the ALJ pointed to evidence showing that Wimberly "helps care for her daughter," does "not need help or reminders to take medicine," and "prepare[s] her own meals, drive[s] a car, go[es] out alone, and shop[s] in stores for groceries." Tr. 22. The ALJ further noted several medical records showing that Wimberly reported "better concentration," appeared "logical and organized" in her thought processes, and showed "fair insight and good judgment." Tr. 22-23. Because of these and other references pertaining to Wimberly's mental capabilities, the undersigned is satisfied that the ALJ considered Wimberly's condition as a whole and properly supported his RFC determination with substantial evidence. Therefore, the undersigned finds that the ALJ did not commit legal error by failing to include Dr. Duke's limitation.

## VI.   CONCLUSION

As explained above, the undersigned finds that the ALJ did not commit reversible legal error and that substantial evidence supports the Commissioner's decision. Accordingly, it is

ORDERED that the Commissioner's decision is AFFIRMED. A separate judgment will issue.

DONE this 6th day of September, 2023.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE